UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher A. Hartranft,                  Case No. 3:13-cv-1570

        Plaintiffs

     v.                                MEMORANDUM OPINION
                                               AND ORDER

Commissioner of Social Security,

        Defendants

## I. INTRODUCTION

Plaintiff Christopher Hartranft appeals the decision of an Administrative Law Judge ("ALJ") denying his application for disability insurance benefits and supplemental security income. Following a referral pursuant to Local Rule 72.2(b)(1), Magistrate Judge James R. Knepp issued a report and recommendation, recommending I affirm the ALJ's decision and dismiss Hartranft's complaint. (Doc. No. 21). Hartranft filed objections to Magistrate Judge Knepp's report and recommendation. (Doc. No. 22). The Commissioner of Social Security filed a response to Hartranft's objections. (Doc. No. 23). For the reasons stated below, I overrule Hartranft's objections, adopt the report and recommendation, and affirm the Commissioner's decision.

## II. BACKGROUND

I adopt Magistrate Judge Knepp's description of the procedural and factual background of this case and incorporate that portion of the report and recommendation here. (Doc. No. 21 at 1-10). Hartranft objects to the Magistrate Judge's report and recommendation on the basis that the ALJ did not properly analyze the medical evidence under the relevant procedural rules. (Doc. No.

22 at 6). He also implies the ALJ's conclusion with respect to Dr. Paul Deardorff's opinion is not supported by substantial evidence. (Doc. No. 22 at 2-5).

### III. STANDARD

An individual who applies for Social Security benefits may seek judicial review of a final decision of the Commissioner. 42 U.S.C. § 405(g). A district court must affirm the Commissioner's decision unless the court concludes the Commissioner did not apply the correct legal standard or made findings of fact which are not supported by substantial evidence. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)). Substantial evidence means "relevant evidence [which] a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec. of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). After a report and recommendation has been issued, the district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

### IV. ANALYSIS

In considering an application for disability insurance benefits and supplemental security income, the Social Security Administration ("SSA") must evaluate every medical opinion it receives. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c). The SSA places medical sources into three categories: (1) nonexamining sources; (2) nontreating, but examining, sources; and (3) treating sources. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). In deciding the amount of weight to give to a medical opinion, the SSA considers (1) the examining relationship; (2) the treatment relationship; (3) the supportability of the opinion in light of "all of the pertinent evidence"; (4) the consistency of the opinion with the record as a whole; (5) the medical source's specialization, if any; and (6) other factors the claimant or others bring to the SSA's attention which tend to support or contradict the source's opinion. 20 C.F.R. § 404.1527(c)(1)-(6); 20 C.F.R. §

416.927(c)(1)-(6). Treating sources are given the greatest amount of deference and generally are to be accorded the greatest weight. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

Hartranft argues the ALJ and the Magistrate Judge erred because the ALJ's analysis "falls short of what is required in analyzing medical source opinion." (Doc. No. 22 at 7). Hartranft criticizes the ALJ's (1) failure to state whether Dr. Deardorff's opinion was consistent or inconsistent with the record as a whole and (2) alleged conflation of the requirements of the "supportability" and "consistency" considerations. Dr. Deardorff found Hartranft had marked limitations in his ability to withstand the stress and pressures associated with day-to-day work, and to relate to others. (Doc. No. 12 at 366-67). The state agency consultants concluded Hartranft was only moderately limited in these areas (Doc. No. 12 at 380, 485).

While the SSA "will always give good reasons" for the weight given to a treating source's opinion, *see* § 404.1527(c)(2), the reasons-giving requirement applies only to treating source opinions. *Smith*, 482 F.3d at 876. Hartranft does not assert any of the medical source opinions in the record come from a treating source. The ALJ did not violate Hartranft's procedural rights because the SSA regulations do not require the articulation of any rationale for rejecting the opinions of nontreating and nonexamining sources. *Smith*, 482 F.3d at 875-76; *see also id.* at 876 ("In the absence of treating-source status for these doctors, [the court does] not reach the question of whether the ALJ violated [the claimant's rights] by failing to give reasons for not accepting their reports."). *Cf. Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (The treating-source-opinion regulations "require only that the ALJ's decision include 'good reasons'" for the weight given to the treating source opinion, "not an exhaustive factor-by-factor analysis.") (quoting 20 C.F.R. § 404.1527(d)(2)[1]).

Moreover, to the extent Hartranft argues the ALJ's conclusions are not supported by substantial evidence, I conclude the ALJ's decision must be affirmed under § 405(g). The ALJ pointed to the opinions of the state agency psychologists, who "concluded that the claimant retains

---

[1] In 2012, the formatting of the regulations was amended; this citation refers to what now is 20 C.F.R. § 414.1527(c)(2).

3

the ability to perform simple, routine, repetitive work in a well-controlled environment with infrequent, superficial interaction with co-worker[s]/supervisors." (Doc. No. 12 at 25). The ALJ also stated Hartranft's ability to play board, card, and video games with his grandchildren indicated an ability to concentrate. (Doc. No. 12 at 22). There is substantial evidence to support the ALJ's decision. *See Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

Hartranft has waived his right to review of the remaining portions of the report and recommendation to which he did not specifically object. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).

## V. CONCLUSION

For the reasons stated above, I overrule Hartranft's objections, adopt the Magistrate Judge's report and recommendation, and affirm the Commissioner's decision.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge